J-S70027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARK A. PEREZ | |
| Appellant | No. 1062 EDA 2016 |

Appeal from the PCRA Order March 21, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007249-2009

BEFORE: OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: **FILED NOVEMBER 17, 2016**

Mark A. Perez appeals, *pro se*, from the order entered on March 21, 2016, in the Court of Common Pleas of Montgomery County, denying him relief on his third petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. The PCRA court determined Perez's petition was untimely and none of the statutory timeliness exceptions applied.[1] In this timely appeal, Perez argues his sentence is illegal under **Alleyne v. U.S.**, ___U.S.___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) as made retroactive by the application of **Montgomery v. Louisiana**, ___U.S.___, 136 S.Ct.

_____

[1] The PCRA court denied Perez relief without a hearing after filing proper notice of intent pursuant to Pa.R.Crim.P 907.

718, 193 L.Ed.2d 599 (2016). After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

We adopt the PCRA court's recitation of the factual and procedural history of this matter as related on pages 1-3 of the May 18, 2016, Pa.R.A.P. 1925(a) opinion authored by the Honorable William R. Carpenter. For ease of reference, we note that Perez entered into a negotiated guilty plea on June 20, 2011, pleading guilty to charges of aggravated assault, robbery, theft by unlawful taking, burglary and persons not to possess a firearm. He agreed to an aggregate term of 15 to 30 years' incarceration.[2] Perez filed a direct appeal, which afforded him no relief, as well as two prior untimely PCRA petitions. Perez filed the instant petition on February 23, 2016, claiming this petition was timely due to the newly announced constitutional right in ***Montgomery v. Louisiana***, ***supra***, which required the 2013 ***Alleyne v. U.S.***, ***supra***, decision to be applied retroactively in all cases.

Perez's argument fails for multiple reasons.

Our standard of review for an order denying a petitioner relief pursuant to the PCRA is well settled and often repeated.

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error.

---

[2] Specifically, Perez's sentence was 10-20 years' incarceration for robbery, 5-10 years' incarceration for burglary, consecutive to the robbery sentence, and 5-10 years' incarceration for the firearms charge, concurrent to the burglary sentence.

> *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super.
> 2011), *appeal denied,* 615 Pa. 784, 42 A.3d 1059 (2012) (citing
> *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super.
> 2005)). The PCRA court's findings will not be disturbed unless
> there is no support for the findings in the certified record. *Id.*
> (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.
> Super. 2001)).
>
> It is undisputed that a PCRA petition must be filed within one
> year of the date that the judgment of sentence becomes final. 42
> Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and
> jurisdictional in nature, and the court may not ignore it in order
> to reach the merits of the petition. *Commonwealth v. Murray*,
> 561 Pa. 1, 753 A.2d 201, 203 (2000). A judgment of sentence
> "becomes final at the conclusion of direct review, including
> discretionary review in the Supreme Court of the United States
> and the Supreme Court of Pennsylvania, or at the expiration of
> time for seeking the review." 42 Pa.C.S.A § 9545(b)(3).
>
> However, an untimely petition may be received when the
> petition alleges, and the petitioner proves, that any of the three
> limited exceptions to the time for filing the petition, set forth at
> 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. A petition
> invoking one of these exceptions must be filed within sixty days
> of the date the claim could first have been presented. 42
> Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions
> to the PCRA's one-year filing deadline, "the petitioner must plead
> and prove specific facts that demonstrate his claim was raised
> within the sixty-day time frame" under section 9545(b)(2). *Carr*,
> 768 A.2d at 1167.

*Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016).

As noted above, at issue is whether Perez is entitled to the timeliness

exception found in Section 9545(b)(1)(iii).[3]  The PCRA court determined

---

[3]  Specifically, the exception applies when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."  42 Pa.C.S. § 9545(b)(1)(iii).

Perez was not entitled to the application of this timeliness exception because (1) Perez was not sentenced to a mandatory minimum sentence; (2) **Alleyne** is not entitled to retroactive application; and (3) **Montgomery** ruled that **Miller v. Alabama**, 567 U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (forbidding automatic life sentences without the possibility of parole to juveniles) was retroactive, and Perez was not 18 or younger when he committed this crime nor was sentenced to life imprisonment.  We agree with the PCRA court that no relief is due

The United States Supreme Court decision in **Alleyne** held that "any fact that, by law, increases the penalty is an "element" that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155.  The mandatory minimum sentences to which **Alleyne** has been applied involved statutory provisions that increased the minimum sentence pursuant to facts that had been determined by the trial court at the time of sentencing.  We have reviewed Perez's PCRA petition, his appellant's brief, and the certified record and can find no indication that Perez was subjected to a mandatory minimum sentence.  Accordingly, there is no basis for Perez to claim that he is entitled to have **Alleyne** applied retroactively to his sentence.

Even if Perez were subjected to a mandatory minimum sentence, he would not be entitled to relief.  **Alleyne** is only subject to limited retroactive application.  This means **Alleyne** is retroactively applicable only to those criminal cases that were still pending on direct appeal when **Alleyne** was

decided. ***See Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). Perez's direct appeal terminated on September 13, 2012, when the time to seek review by the Pennsylvania Supreme Court expired. The ***Alleyne*** decision was published on June 17, 2013. Clearly, Perez is not entitled to the limited retroactive application of ***Alleyne***.

However, Perez argues that the recent United States Supreme Court decision of ***Montgomery v. Louisiana***, ***supra***, requires all new substantive rules of constitutional law be fully retroactive.[4] Nevertheless, the ***Montgomery*** decision would not save Perez's petition. In ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court determined the ***Alleyne*** decision announced neither a new substantive nor watershed procedural rule (holding ***Alleyne*** does not apply on collateral review to cases in which the judgment of sentence has become final). Therefore, ***Montgomery*** does not require the fully retroactive application of ***Alleyne***.

Because the record supports the PCRA court's determination, which is free from legal error, we affirm the denial of Perez's PCRA petition.

Order affirmed.

---

[4] We note Perez has met 60-day statutory filing requirements of the PCRA. ***See*** 42 Pa.C.S. § 9545(b)(2). ***Montgomery*** was decided on January 25, 2016 and revised on January 27, 2016. Perez filed the instant petition on February 23, 2016, well within the 60-day limit.

J-S70027-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2016